# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL VITIELLO, JR. and, <br> AMY VITIELLO | : <br> : <br> : | 3:19-cv-2066 |
| Plaintiffs, | : <br> : | Hon. John E. Jones III |
| v. | : <br> : | |
| SAFECO INSURANCE COMPANY OF AMERICAN, LIBERTY MUTUAL INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## **MEMORANDUM**

## **May 19, 2020**

Presently before the Court is Plaintiff Paul Vitiello Jr. and Amy Vitiello's ("Plaintiffs") Motion to Remand filed on February 25, 2020. (Doc. 4). The Motion has been fully briefed by the parties and is ripe for our review. For the reasons that follow, the Motion shall be granted and this case shall be remanded to the Lackawanna County Court of Common Pleas.

**I.     BACKGROUND**

This action was initiated by the Plaintiffs on October 21, 2019 in the Lackawanna County Court of Common Pleas. (*See* Doc. 1). On December 4, 2019, Defendants Safeco Insurance Company of America, Liberty Mutual

Insurance, and American States Insurance Company (collectively "Defendants"), after being served with the Complaint on November 4, 2019, filed a notice of removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See id.*).

On February 25, 2020, the Plaintiffs challenged this removal on two grounds: first that they did not receive proper notice of the removal and second that the notice of removal was not filed with the state court. (*See* Doc. 4). We issued an Order on May 11, 2020, requesting the Defendants submit proof of filing of the notice with the state court. (Doc. 7). In response, the Defendants assert that they mailed the notice of removal to the state court first on December 4, 2019, then again on April 24, 2020, and finally, in May 2020, contacted the Prothonotary of the Lackawanna County Court of Common Pleas to inquire about the filing. (*See* Doc. 8). To date, the state court docket has yet to reflect that the notice has been filed. (*See id.*; Docket, *Vitiello v. Safeco*, Lackawanna County Court of Common Pleas, Docket No. 2019-06199).

## II.   STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). To effect removal, a defendant must file a notice of removal in the district court within 30 days of being served with the

complaint, 28 U.S.C. § 1446(b), and must also provide notice of removal to the plaintiff and file a copy of the removal notice with the state court. 28 U.S.C. § 1446(d). "When a motion to remand is filed, 'the burden of establishing removal jurisdiction exists rests with the defendant,'" *Laucks v. Fortis Insurance Company*, 2008 WL 11367531, at *2 (M.D. Pa. 2008) (quoting *Dukes v. U.S. Healthcare*, 57 F.3d 350, 359 (3d Cir. 1995)), and the "'statute governing removal [ ] must be strictly construed against removal.'" *Id*. (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 392, 396 (3d Cir. 2004)).

### III. DISCUSSION

As noted above, this matter was commenced in this Court on December 4, 2019 with the Defendants' filing a notice of removal. Nearly a half a year later, the Defendants have not met their burden of showing that notice of removal has been filed with the state court. While it may be appropriate to accept a delayed filing of the notice with the state court if the defendant diligently pursued, and ultimately completed, filing, *see Tube City IMS Corp. v. Allianz Global Risks U.S. Ins. Co.*, 2014 WL 6682577, at *4 (W.D. Pa. 2014), in this case, the Defendants not only waited four months between their first attempt to file notice and their follow-up with the state court, but also, in response to this Court's Order, failed to confirm that notice has actually been filed. (*See* Doc. 8 ("Defendants' counsel contacted the Prothonotary of the Lackawanna County Court of Common Pleas . . .

no information could be obtained regarding whether Defendants' Praecipes were received or filed")).  This failure by the Defendants to not follow up for months after their initial filing, even after they knew the Plaintiffs were challenging such removal, (*see* Doc. 4), in addition to their still present failure to confirm that their notice has been filed, shows a "casual" approach to fulfilling the requirements of 28 U.S.C. § 1446.  Construing the remand statute in favor of the Plaintiffs warrants remand to the state court.  *See Doherty v. Goslin*, 2002 WL 32224695, at *2 (E.D. Pa. 2002) (holding that defendant's failure to ensure filing of notice of removal with state court after alleged mailings of the notice to the court could be "best characterized as casual" pursuit of statute requirements and warranted remand).

      An appropriate Order shall issue.